IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JEROME PERKINS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) NO. 3:22-CV-00005 |
| | ) |
| S.C.C.F. CORE CIVIC, *et al.*, | ) JUDGE CAMPBELL |
| | ) MAGISTRATE JUDGE HOLMES |
| Defendants. | ) |

## MEMORANDUM OPINION

Plaintiff Jerome Perkins, #251906, an inmate of the South Central Correctional Facility in Clifton, Tennessee, filed this pro se, in forma pauperis action under 42 U.S.C. § 1983 against "S.C.C.F. Core Civic," Warden f/n/u Perry, "R-DAP Program-Counselors", Kimberly Atkins, Amber Gunter, Holly Tatum, f/n/u Mallard, and f/n/u Burlisky, alleging violations of Plaintiff's civil and constitutional rights. (Doc. No. 1).

## I. BACKGROUND

By Order and Memorandum Opinion entered on January 19, 2022, the Court conducted the required screening of the complaint pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(e)(2) and 1915A, and found that the complaint states colorable failure to protect claims under 42 U.S.C. § 1983 against Defendants Atkins, Gunter, Burlisky, and Tatum in their individual capacities. (Doc. Nos. 6 and 7). In addition, the Court directed the Clerk to remove the "Trousdale Turner Core Civic", f/n/u Grossman, f/n/u Gross, f/n/u Holmes, and f/n/u Lestor as Defendants to this action due to an administrative error. (*Id.*) The Court found that, with respect to all other claims and Defendants, the complaint fails to state claims upon which relief can be granted under Section 1983. (*Id.*) The Court therefore dismissed those claims and Defendants not

1

specifically enumerated above, with one exception. (*Id*.) The Court permitted Plaintiff to file an amended complaint (1) naming as Defendants Chief of Security Coleman, Unit Manager Sarratt, Corrections Officer Griffon, an as-yet identified unit manager, and other as-yet identified nurses and staff members and (2) describing how each individual acted with deliberate indifference to Plaintiff's serious medical needs. (*Id*.)

The Court instructed Plaintiff that, if he wished to file an amended complaint, his amended complaint must be filed within 30 days of entry of the Court's Order. (Doc. No. 7 at 3). The Court indicated that, upon receipt of an amended complaint, the Court would screen any new claims raised as required by the PLRA. (*Id*.)

Plaintiff now has timely filed an amended complaint (Doc. No. 8), a "Notice of Filing Adding Amended Complaint" (Doc. No. 9), a "Notice of Filing R-Dap Rules and Handbook" (Doc. No. 10), and a "Notice of Letter re: TDOC" (Doc. No. 11). The amended complaint is before the Court for an initial review pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(e)(2) and 1915A. In his amended complaint, Plaintiff also seeks to revive claims and Defendants previously dismissed by the Court. Therefore, the Court will begin with a review of those claims.

## II. RULE 54 REVIEW

Rule 54(b) of the Federal Rules of Civil Procedure gives district courts broad discretion to revise interlocutory orders (like the Court's prior Order) in order to prevent manifest injustice. *See Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 12 (1983) ("[E]very order short of a final decree is subject to reopening at the discretion of the district judge."); *Rodriguez v. Tenn. Laborers Health & Welfare Fund*, 89 F. App'x 949, 959 (6th Cir. 2004). "This authority allows district courts 'to afford such relief from [interlocutory orders] as justice requires.'" *Id*.

(quoting *Citibank N.A. v. Fed. Deposit Ins. Corp.*, 857 F. Supp. 976, 981 (D.D.C. 1994)). "Traditionally, courts will find justification for reconsidering interlocutory orders when there is (1) an intervening change of controlling law; (2) new evidence available; or (3) a need to correct a clear error or prevent manifest injustice." *Rodriguez*, 89 F. App'x at 959. "This standard obviously vests significant discretion in district courts." *Id*. at 959 n.7. The Court finds it appropriate under the circumstances to reconsider its prior order, which was not a final decree in this case.

First, in its Order and accompanying Memorandum Opinion entered on January 19, 2021, the Court dismissed Plaintiff's claim against R-DAP Counselor f/n/u Mallard because the complaint failed to allege any specific personal involvement by Defendant Mallard in the events described in the complaint. (Doc. No. 6 at 6). In the amended complaint and supporting documents, however, Plaintiff clarifies that Defendant Mallard is one of the R-DAP counselors who failed to protect Plaintiff from a known risk to his personal safety and/or failed to intervene when Plaintiff was being attacked by a "mob" of white inmates on November 8, 2021. (Doc. No. 8 and 1). Plaintiff alleges that the R-DAP counselors "could have . . . did [sic] something before [Plaintiff] got jumped but they didn't and they all knew that [illegible] was fixing to turn deadly in a matter of minutes . . . . These counselors all did know and broke[] security and left me in a pod by myself to get jumped!" (Doc. No. 9 at 2).

The Court finds that these new allegations, considered along with Plaintiff's allegations set forth in the original complaint regarding the R-DAP counselors, state colorable failure to protect/intervene claims against Defendant Mallard in his/her individual capacity. *See Carico v. Benton, Ireland, and Stovall*, 68 F. App'x 632, 639 (6th Cir. 2003) (holding that, where an officer provides an opportunity for attack and does nothing or stands idly by while an attack takes place

3

without intervening, he violates the attacked prisoner's constitutional rights). Thus, the Court will revise its prior Order pursuant to Rule 54(b) to permit this claim to proceed for further development.

Second, in its Order and accompanying Memorandum Opinion entered on January 19, 2021, the Court dismissed Plaintiff's claim against CoreCivic because the complaint made no allegation regarding a "policy or custom" of CoreCivic. (Doc. No. 6 at 5-6). However, in the amended complaint, Plaintiff alleges that CoreCivic has a policy or custom of employing high-level employees who knowingly permit inmates who are gang members to "run the prison," refuse to intervene in inmate gang members' attacks against other inmates, and sometimes instigate such attacks. (Doc. No. 8 at 3-4). The Court finds that these allegations state a colorable claim against CoreCivic under Section 1983. *See Savoie*, 673 F.3d 488, 494. Thus, the Court will revise its prior Order pursuant to Rule 54(b) to permit Plaintiff's Section 1983 claim against CoreCivic to proceed for further development.

### III. PLRA SCREENING STANDARD

Under 28 U.S.C. § 1915(e)(2)(B), the court must dismiss any portion of a civil complaint filed in forma pauperis that fails to state a claim upon which relief can be granted, is frivolous, or seeks monetary relief from a defendant who is immune from such relief. Section 1915A similarly requires initial review of any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," *id.* § 1915A(a), and summary dismissal of the complaint on the same grounds as those articulated in Section 1915(e)(2)(B). *Id.* § 1915A(b).

The court must construe a pro se complaint liberally, *United States v. Smotherman*, 838 F.3d 736, 739 (6th Cir. 2016) (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)), and accept the

plaintiff's factual allegations as true unless they are entirely without credibility. *See Thomas v. Eby*, 481 F.3d 434, 437 (6th Cir. 2007) (citing *Denton v. Hernandez*, 504 U.S. 25, 33 (1992)). Although pro se pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), the courts' "duty to be 'less stringent' with pro se complaints does not require us to conjure up [unpleaded] allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

## IV. SECTION 1983 STANDARD

Title 42 U.S.C. § 1983 creates a cause of action against any person who, acting under color of state law, abridges "rights, privileges, or immunities secured by the Constitution and laws . . . ." To state a claim under Section 1983, a plaintiff must allege and show two elements: (1) that he was deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was caused by a person acting under color of state law. *Dominguez v. Corr. Med. Servs.,* 555 F.3d 543, 549 (6th Cir. 2009) (quoting *Sigley v. City of Panama Heights*, 437 F.3d 527, 533 (6th Cir. 2006)); 42 U.S.C. § 1983.

## V. FACTS ALLEGED IN AMENDED COMPLAINT

The amended complaint alleges that, while incarcerated at the SCCF on November 8, 2021, Plaintiff was attacked by multiple inmates after which Captain f/n/u Mase, Nurse f/n/u Austin, Gang Unit f/n/u Franks, I-A f/n/u Beckum, Chief of Security f/n/u Coleman, Unit Manager f/n/u Sarratt, R-DAP Counselors (Burlisky, Gunter, Aktins, and Tatum), and Corrections Officer f/n/u Griffton laughed at Plaintiff and "did nothing" for him when he sought medical treatment for his injuries. (Doc. No. 8 at 1). These Defendants observed "bruises and pumps [sic] all over [Plaintiff's] face and body." (Doc. No. 9 at 1). Officer Griffton asked Plaintiff if he was going to

5

kill himself and, when Plaintiff told him he was not, Officer Griffton said he could not help him. (Doc. No. 8 at 1-2). Plaintiff told Defendants that his head was hurting, and Defendants told Plaintiff that "it was [his] fault and they was [sic] not going to do nothing [sic] for [Plaintiff]." (*Id.* at 2).

In a supplement to his amended complaint (Doc. No. 10), Plaintiff alleges that he presently is being held in protective custody in a "nasty", smelly cell for 24 hours a day with no recreation. (*Id.* at 2). He is permitted to use the telephone only once a month and he is not allowed to order food off the commissary list. He is only allowed three showers per week. While in protective custody, Plaintiff is unable to earn "good days" and "behavior credit." (*Id.*) Plaintiff has been in protective custody for three months.

## VI. ANALYSIS

### A. Denial of Medical Treatment

The amended complaint alleges that Defendants Captain Mase, Nurse Austin, Gang Unit Franks, I-A Beckum, Chief of Security Coleman, Unit Manager Sarratt, R-DAP Counselors (Burlisky, Gunter, Aktins, and Tatum), and Corrections Officer Griffton failed to provide needed medical care to Plaintiff. Failure to provide medical care may give rise to a violation of a prisoner's rights under the Eighth Amendment. *See Estelle*, 429 U.S. 97, 104 (deliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain proscribed by the Eighth Amendment). A claim of deliberate indifference to a prisoner's medical or mental health needs under the Eighth Amendment has both an objective and subjective component. *Rouster v. Cnty. of Saginaw*, 749 F.3d 437, 446 (6th Cir. 2014). A plaintiff satisfies the objective component by alleging that the prisoner had a medical need that was "sufficiently serious." *Id.* (quoting *Farmer*, 511 U.S. at 834). A plaintiff satisfies the subjective component "by

6

alleging facts which, if true, would show that the official being sued subjectively perceived facts from which to infer substantial risk to the prisoner, that he did in fact draw the inference, and that he then disregarded that risk." *Id*. Deliberate indifference "entails something more than mere negligence," *Farmer*, 511 U.S. at 835, but can be "satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Id*.

Under these standards, "a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner. In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle*, 429 U.S. at 106. In addition, the Sixth Circuit distinguishes "between cases where the complaint alleges a complete denial of medical care and those cases where the claim is that a prisoner received inadequate medical treatment." *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976). Where "a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law." *Id.* A prisoner's difference of opinion regarding diagnosis or treatment also does not rise to the level of an Eighth Amendment violation. *Estelle*, 429 U.S. at 107.

Here, the amended complaint alleges that Plaintiff was denied <u>any</u> medical treatment by Captain Mase, Nurse Austin, Gang Unit Franks, I-A Beckum, Chief of Security Coleman, Unit Manager Sarratt, R-DAP Counselors (Burlisky, Gunter, Aktins, and Tatum), and Corrections Officer Griffton for the injuries Plaintiff sustained during the November 8, 2021 attack. Although in some instances prison non-medical staff have no role in the medical treatment provided to

7

inmates, here Plaintiff alleges that Mase, Franks, Beckum, Coleman, Sarratt, Burlisky, Gunter, Aktins, Tatum, and Griffton controlled whether Plaintiff received medical treatment and denied any treatment to him. Further, the amended complaint alleges that, in denying Plaintiff medical treatment, these Defendants knew of and disregarded an excessive risk to Plaintiff's health, along with Nurse Austin. *Cf. Carson v. Hamblen Cnty.*, No. 2:15-cv-337, 2017 WL 3038135, at *5, 9 (E.D. Tenn. July 17, 2017) (dismissing inmate's Section 1983 claim, finding plaintiff had presented no evidence that defendants played any role in the medical care provided to diabetic inmate or knew of and disregard an excessive risk to inmate's health or safety). The Court finds that these allegations sufficiently state colorable deliberate indifference to serious medical needs claim under Section 1983 against Captain Mase; Nurse Austin; Gang Unit Franks; I-A Beckum; Chief of Security Coleman; Unit Manager Sarratt; R-DAP Counselors Burlisky, Gunter, Aktins, and Tatum; and Corrections Officer Griffton, all in their individual capacities. These claims will proceed.

**B. Violation of Prison Policy**

The amended complaint, as supplemented by Plaintiff's subsequent filings, alleges that several Defendants violated SCCF policy and/or the rules of the R-DAP program. (Doc. No. 10 at 1-2).

Alleged violations of prison or Tennessee Department of Correction policies are not actionable under Section 1983. *See Rimmer-Bey v. Brown,* 62 F.3d 789, 790-91 (6th Cir. 1995) (stating that, after *Sandin*, it became clear that mandatory language in prison regulations does not create a liberty interest protected by the due process clause); *Upshaw v. Jones*, No. 14-2534-JDT-tmp, 2015 WL 348626, at *4 (W.D. Tenn. Jan. 26, 2015); *Levine v. Torvik*, 986 F.2d 1505, 1515 (6th Cir. 1993), *overruled in part on other grounds by Thompson v. Keohane*, 516 U.S. 99, 111

8

(1995). Consequently, the Court finds that the amended complaint fails to state Section 1983 claims arising from any Defendant's alleged failure to follow facility policies.

**C. Conditions of Confinement in Protective Custody**

The amended complaint, as supplemented by Plaintiff's subsequent filings, alleges that the conditions of confinement in protective custody violate his Constitutional rights.

The Constitution does not protect a prisoner from unpleasant prison experiences. *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987). Nor does the Constitution mandate comfortable conditions of confinement. *Rhodes v. Chapman*, 452 U.S. 337 (1981). The Eighth Amendment of the United States Constitution imposes an obligation to provide prisoners with reasonably adequate food, clothing, shelter, sanitation, recreation, and medical care. *Grubbs v. Bradley*, 552 F. Supp. 1052, 1119-1124 (M.D. Tenn. 1982). The failure to provide such necessities is a violation of an inmate's right to be free from cruel and unusual punishment. *Bellamy v. Bradley*, 729 F.2d 416 (6th Cir. 1984).

Plaintiff states that it is not fair that he has been placed in protective custody. However, a prisoner has no inherent constitutional right to be released from protective custody upon request. *Howard v. Grinage*, 6 F.3d 410, 412 (6th Cir. 1993), *effectively overruled on other grounds by Sandin v. Conner*, 515 U.S. 472 (1995); *see also Meachum v. Fano*, 427 U.S. 215, 224 (1976) (a prisoner has no protected liberty interest in a particular security classification). Plaintiff sought to be placed in protective custody. There has been no showing that the threat to Plaintiff that resulted in his segregation no longer exists.

Plaintiff alleges that, while in protective custody, he is not allowed to order food off the commissary list, he is only allowed three showers per week, he can only use the telephone once a month, he is not being afforded any recreation time, and he is unable to earn good behavior credits.

9

As a general matter, there is no federal constitutional right of access to a jail or prison commissary. *See Wolfe v. Alexander,* No. 3:11-cv-0751, 2014 WL 4897733, at *8 (M.D. Tenn. Sept. 30, 2014) (citing *Newell v. Ruth*, No. 1:11-cv-86, 2014 WL 4411045, at *9 (E.D. Tenn. Sept. 8, 2014) ("[C]ommissary access is a privilege, not a right.")); *see also Grady v. Garcia*, 506 F. App'x 812, 814-15 (10th Cir. 2013) (finding no due process claim where the plaintiff was denied canteen privileges for 105 days); *Tokar v. Armontrout*, 97 F.3d 1078, 1083 (8th Cir. 1996) (stating that "we know of no constitutional right of access to a prison gift or snack shop"). Consequently, Plaintiff cannot state a claim for violation of his constitutional rights based on commissary restrictions.

With respect to Plaintiff's complaints about showers, "[r]outine discomfort is 'part of the penalty that criminal offenders pay for their offenses against society.'" *Hudson v. McMillian*, 503 U.S. 1, 9 (1992) (quoting *Rhodes*, 452 U.S. at 347). As a consequence, "extreme deprivations are required to make out a conditions-of-confinement claim." *Id*. Allegations about temporary inconveniences do not demonstrate that the conditions fell beneath the minimal civilized measure of life's necessities as measured by a contemporary standard of decency. *Dellis v. Corr. Corp. of Am.*, 257 F.3d 508, 511 (6th Cir. 2001). In *Chandler v. Wells*, No. 1:18-cv-871, 2018 WL 447415, (W.D. Mich. Sept. 19, 2018), the court found that the prisoner-plaintiff's claim that a defendant had denied him one of his three weekly showers "falls far short of demonstrating an Eighth Amendment claim." *Id*. at *3. In *Richmond v. Settles*, 450 F. App'x 448 (6th Cir. 2011), the Sixth Circuit found that the denial of a shower for seven days does not violate the Eighth Amendment. *Id*. at 455. Likewise, Plaintiff here fails to state an Eighth Amendment claim based on the facility's three-showers-a-week policy for inmates housed in protective custody.

"[A]ccess to a phone is a privilege, not a basic human need or requirement." *Martinez v. Gore*, No. 5:21-CV-P50-TBR, 2021 WL 2269987, at *3 (W.D. Ky. June 3, 2021). Without a showing that basic human needs were not met, the denial of privileges cannot establish an Eighth Amendment violation. *See id.* (citing *Evans v. Vinson*, 427 F. App'x 437, 443 (6th Cir. 2011)); *see also Allen v. Alexsander*, No. 2:16-CV-245, 2017 WL 2952929, at *5 (W.D. Mich. July 11, 2017) ("Although it is clear that Plaintiff was denied phone privileges for 90 days, he does not allege or show that he was denied basic human needs and requirements.")). "[P]risoners have no per se constitutional right to use a telephone." *United States v. Footman*, 215 F.3d 145, 155 (1st Cir. 2000). It therefore follows that an inmate has no right to unlimited telephone use. *See Washington v. Reno*, 35 F.3d 1093, 1100 (6th Cir. 1994); *see Betar v. Advance Corr.*, No. 4:17CV-P37-JHM, 2017 WL 2884539, at *6 (W.D. Ky. July 6, 2017) (finding that prisoner-plaintiff had not alleged a constitutional violation with regard to access to a telephone where he had not alleged that he lacked access to other means of communicating with his attorney). Therefore, Plaintiff's claim based on limited access to a telephone must be dismissed for failure to state a claim.

The amount of exercise that a prisoner is provided need only comport with the "'minimal civilized measure of life's necessities.'" *Walker v. Mintzes*, 771 F.2d 920, 927 (6th Cir. 1985) (quoting *Rhodes*, 452 U.S. 337, 347 ); *Jones v. Stine*, 843 F. Supp. 1186, 1193 (W.D. Mich. 1994) (citing *Walker*, 771 F.2d at 927-28 (6th Cir. 1985)) (acknowledging that the Sixth Circuit, applying Supreme Court precedent, has recognized that outdoor recreation, in some undefined form and amount, is necessary for inmates' well-being). Therefore, a total denial of recreational opportunities may violate the Constitution. *See Walker*, 771 F.2d at 927-28; *McNabb v. Long*, No. 3:18-cv-0067, 2018 WL 2318342, at *4 (M.D. Tenn. May 22, 2018) (finding that prisoner-plaintiff stated a colorable Eighth Amendment claim when he alleged that jail has a policy of denying

11

Case 3:22-cv-00005 Document 12 Filed 02/15/22 Page 11 of 13 PageID #: 141

inmates all outdoor recreation and exercise). Although the Sixth Circuit has not defined a minimum standard for recreation for adult prisoners, in its opinion in *Rodgers v. Jabe*, 43 F.3d 1082, 1087-1088 (6th Cir. 1995), the Court suggested that an hour of exercise per day, five times a week, is the constitutional minimum for inmates who were otherwise confined to their cells for the entire day. *Id*. at 1087.

Here, Plaintiff alleges that he is not afforded <u>any</u> recreation time while in protective custody, outdoor or indoor, and this deprivation has been occurring for three months. However, Plaintiff fails to identify who is responsible for creating or implementing this rule or policy. Without a proper named Defendant, this claim must be dismissed. The claim will be dismissed without prejudice.

Finally, Plaintiff alleges that, while in protective custody, he is unable to earn "good day" or behavior credits. Under the *Heck* doctrine:

> In order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.

*Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). In *Edwards v. Balisok*, 520 U.S. 641 (1997), the Supreme Court extended the application of *Heck* to prison disciplinary proceedings. Later, in *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005), the Supreme Court reemphasized that a "state prisoner's Section 1983 action is barred (absent prior invalidation)-no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)-if success in that action would necessarily demonstrate

12

the invalidity of confinement or its duration[.]" Therefore, Plaintiff's Section claims based on lost good time must be dismissed for failure to state a claim upon which relief may be granted.

## VII. CONCLUSION

Pursuant to Federal Rule of Civil Procedure 54, the Court will revise its Order of January 19, 2022 to permit failure to protect/intervene claims under Section 1983 to proceed against Defendants Mallard and CoreCivic.

Having screened the amended complaint pursuant to the PRLA, the Court further finds that Plaintiff states colorable deliberate indifference to serious medical needs claim under Section 1983 against Captain Mase; Nurse Austin; Gang Unit Franks; I-A Beckum; Chief of Security Coleman; Unit Manager Sarratt; R-DAP Counselors Burlisky, Gunter, Aktins, and Tatum; and Corrections Officer Griffton, all in their individual capacities. These claims will proceed for further development.

All other claims raised in the amended complaint fail to state claims upon which relief can be granted under Section 1983. Accordingly, those claims and Defendants will be dismissed.

An appropriate Order will be entered.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE

13

Case 3:22-cv-00005   Document 12   Filed 02/15/22   Page 13 of 13 PageID #: 143