IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| **JEROME PERKINS,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | NO. 3:22-cv-00005 |
| v. ) | |
| ) | JUDGE CAMPBELL |
| **S.C.C.F. CORE CIVIC, et al.,** ) | MAGISTRATE JUDGE HOLMES |
| ) | |
| Defendants. ) | |

## ORDER

Pending before the Court is Magistrate Judge Holmes' Report and Recommendation (Doc. No. 98), which was filed on July 24, 2023. Through the Report and Recommendation, Judge Holmes recommends that: (1) the motion for summary judgment (Doc. No. 69) filed by Defendants CoreCivic, Kimberly Atkins, Samantha Austin, Derek Beckham, Carla Burlesci, Larry Coleman, James Franks, Emily Gunter, Coty Mace, Natalie Mallard, Tiffany Sarratt, and Holly Tatum be granted based on the Prison Litigation Reform Act lack of exhaustion defense and that this action be dismissed; and (2) Plaintiff Jerome Perkins' motions for summary judgment (Doc. Nos. 80, 81, 92) and motions for extensions of time (Doc. Nos. 79, 86) be denied. On August 8, 2023, the Court received Perkins' objection to the Report and Recommendation. (Doc. No. 99). Defendants filed a response to Perkins' objections (Doc. No. 100) and Perkins filed a reply in support of objections (Doc. No. 101). For the reasons explained below, Perkins' objection is OVERRULED, and the Report and Recommendation is ADOPTED**.**

Under 28 U.S.C. § 636(b)(1) and Local Rule 72.02, a district court reviews *de novo* any portion of a report and recommendation to which a specific objection is made. *United States v. Curtis*, 237 F.3d 598, 603 (6th Cir. 2001). General or conclusory objections are insufficient. *See*

*Zimmerman v. Cason*, 354 F. Appx. 228, 230 (6th Cir. 2009). Thus, "only those specific objections to the magistrate's report made to the district court will be preserved for appellate review." *Id*. (quoting *Smith v. Detroit Fed'n of Teachers*, 829 F.2d 1370, 1373 (6th Cir. 1987)). In conducting the review, the court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

As noted above, Judge Holmes recommends that Defendants' motion for summary judgment be granted on the basis that Perkins failed to exhaust his administrative remedies as required by the PLRA. In his objection, Perkins states that he was in protective custody from November 8, 2021 to July 22, 2022 without access to the law library and that he did not know how to do motions to get the evidence of his alleged assault or that he had a time limit to engage in discovery. (Doc. No. 99 at 3-4). Additionally, Perkins notes that he sought assistance from the Court in proceeding with his case and in attempting to obtain video footage of his alleged assault. (*See id*.). As noted by Judge Holmes in the Report and Recommendation, the Court already addressed Perkins' discovery related requests and lack of video footage through prior Orders. (*See* Report and Recommendation, Doc. No. 98 at 7 n.5). The remainder of Perkins' objections appear to restate arguments he made in opposition to Defendants' motion for summary judgment that Judge Holmes already considered and rejected. (*See id*. at 12 (addressing Perkins' allegation that he filed regular grievances prior to his first Title VI grievance)). Ultimately, Perkins' objection does not identify any factual or legal errors on the part of Judge Holmes in making her determination. Objections which do not identify an error are meritless. *See Howard v. Sec. of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). Thus, Perkins' objection fails to state viable grounds to challenge Judge Holmes' conclusions or otherwise provide a basis to reject or modify the Report and Recommendation.

Having reviewed the Report and Recommendation and considered Perkins' objection, the Court concludes that the Report and Recommendation (Doc. No. 98) should be adopted and approved. Accordingly, Defendants' motion for summary judgment (Doc. No. 69) is **GRANTED**, Perkins' motions for summary judgment (Doc. Nos. 80, 81, 92) and motions for extensions of time (Doc. Nos. 79, 86) are **DENIED**, and this matter is **DISMISSED** without prejudice. The Clerk is directed to close the file.

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE